NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Faisal LODHI,

        Plaintiff,

v.

STATE PAROLE BOARD OF NEW JERSEY
and Thomas HAAF,

        Defendants.

Civ. No. 11-5609

OPINION and ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Defendants State Parole Board of New Jersey ("Parole Board") and Thomas Haaf's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket # 8]. Plaintiff Faisal Lodhi has not responded to the Defendants' motion in the time permitted under Local Civ. R. 78.1. A Complaint [1] was filed by Plaintiff in this matter alleging claims arising under 42 U.S.C. § 1983, which directly attack the Parole Board's decision to deny Plaintiff parole. Plaintiff claims that the Parole Board and Haaf, one of two Parole Board members presiding over Plaintiff's parole hearing, improperly denied Plaintiff parole because he is a Muslim. Lodhi seeks damages in the amount of $2,000,000. (Compl. ¶ 7).

    Defendants have moved to dismiss Plaintiffs claims for the following reasons: (1) Plaintiff's claims are barred by the Eleventh Amendment; (2) Lodhi's individual-capacity claims against Haaf are barred by the doctrine of quasi-judicial immunity; and (3) Plaintiff's claims are barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. The Court has decided this matter after considering the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons Defendants' motion will be granted and Plaintiff's Complaint will be dismissed.

1

As recently as last year, the Supreme Court has reaffirmed that a writ of habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, --- U.S. ---, 131 S. Ct.1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Prisoners, however, cannot perform an end run around this mandate by seeking only money damages. Rather, "where 'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction,' a § 1983 action will not lie 'unless . . . the conviction or sentence has already been invalidated.'" *Wilkinson*, 544 U.S. at 80 (quoting *Heck*, 512 U.S. at 481–82, 487).[1] Put somewhat differently, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

In this case, Plaintiff would have to prove that Defendants' religious animus caused his parole to be denied. Implicit in this argument is that Plaintiff would have been paroled but for the religious animus held by the Defendants. As the United States Court of Appeals for the Third Circuit has stated, "the alleged improper denial of release on parole plainly implicates the validity of continued confinement." *Connolly v. Arroyo*, 293 F. App'x 175, 177 (3d Cir. 2008). Moreover, Plaintiff is still incarcerated, and therefore he has not validly pled that his conviction was previously invalidated. (*See* Compl. ¶ 5).

For the foregoing reasons, Plaintiff has not stated a valid claim for relief and his Complaint must be dismissed. Defendants' other arguments need not be addressed.

---

[1] A claim under § 1983 is permitted when, for example, a plaintiff seeks post-conviction access to evidence. *See Caswell v. Green*, 424 F. App'x 44, 45–46 (2d Cir. 2011) (holding that a post-conviction claim under § 1983 seeking evidence for use on direct appeal or in a separate collateral attack does not "necessarily demonstrate" the invalidity of a conviction or confinement).

IT IS, therefore, on this 26th day of January, 2012

ORDERED that Defendants State Parole Board of New Jersey and Thomas Haaf's Motion to Dismiss [8] is hereby GRANTED; and it is

ORDERED that Plaintiff's Complaint is DISMISSED; and it is

ORDERED that this case is closed.

      /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.