NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Faisal LODHI,<br><br>   Plaintiff,<br><br>v.<br><br>STATE PAROLE BOARD OF NEW JERSEY<br>and Thomas HAAF,<br><br>   Defendants. | Civ. No. 11-5609<br><br>MEMORANDUM and ORDER |

THOMPSON, U.S.D.J.

  This matter has come before the Court on Plaintiff Faisal Lodhi's letter request [docket # 17] to re-open the above-captioned case. This is Plaintiff's second such request. In an Opinion and Order dated January 26, 2012 [10], the Court dismissed Plaintiff's claims because they are barred as a matter of law by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. On February 17, 2012, the Court issued another Memorandum and Order [15] rejecting Plaintiff's request to reopen this case because to do so would be futile. As the Court of Appeals for the Third Circuit has noted,

> *Heck* holds that a prisoner's civil rights suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. Heck's favorable termination rule applies no matter the target of the prisoner's suit (state conduct leading to conviction or **internal prison proceedings**)—if success in that action would necessarily demonstrate the **invalidity of confinement or its duration**. We held in *Williams v. Consovoy*, 453 F.3d 173 (3d Cir. 2006), that claims similar to Connolly's were not cognizable in a section 1983 action on the basis of Heck, because **the alleged improper denial of release on parole plainly implicates the validity of continued confinement.**

*Connolly v. Arroyo*, 293 F. App'x 175, 177 (3d Cir. 2008) (citations omitted) (emphasis added).

Plaintiff argues that he is not challenging the validity of his conviction. Plaintiff is, however, challenging the continued validity of his confinement. Such claims are cognizable only under a petition for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005) (quoting *Heck*, 512 U.S. at 481–82, 487). As this Court explained it in its Opinion and Order of January 26, 2012, for Plaintiff to prevail on his claims, he would have to prove that Defendants' religious animus caused his parole to be denied. Implicit in this argument is that Plaintiff would have been paroled but for the religious animus held by the Defendants. Therefore these claims are barred as a matter of law and re-opening this case would be futile. *See Connolly*, 293 F. App'x at 177 (dismissing similar claim on appeal as frivolous). For these reasons, Plaintiff's letter request is DENIED.

                                                */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.

Date: March 26, 2012